UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:10-cr-00206-JAW |
| | ) | |
| MARK A. COX | ) | |

**ORDER ON MOTION FOR BAIL PENDING APPEAL**

Concluding that Mark A. Cox has not presented the Court with a close question as to whether it committed legal error in its sentence, the Court DISMISSES without prejudice his motion for bail pending appeal.

**I.    STATEMENT OF FACTS**

On January 31, 2011, Mark A. Cox waived indictment and pleaded guilty to an Information for violating the Lacey Act as amended, 16 U.S.C. § 3371 *et seq.*, a federal law that criminalizes the taking and selling of an endangered species. *Waiver of Indictment* (Docket # 1); *Information* (Docket # 2); *Prosecution Version* (Docket # 5). The Court released Mr. Cox on bail pending the imposition of sentence. *Order Setting Conditions of Release* (Docket # 8). The Court held a sentencing hearing on May 11, 2011 and imposed a sentence of six months incarceration, two years supervised release, no fine, and a special assessment of $100. *J.* (Docket # 12). Mr. Cox requested and the Court granted a stay of execution, allowing him to report to the custody of the United States Bureau of Prisons before 2 p.m. on July 15, 2011. *Id.* at 2.

On May 16, 2011, Mr. Cox filed a Notice of Appeal. *Notice of Appeal* (Docket # 13). On May 27, 2011, Mr. Cox moved for bail pending appeal. *Mot. for Bail Pending Appeal* (Docket # 17) (*Def.'s Mot.*). On June 16, 2011, the Government filed its memorandum in opposition. *Gov't's Opp'n to Mot. for Bail Pending Appeal* (Docket # 18) (*Gov't's Opp'n*). Mr. Cox elected not to file a reply.

## II. THE PARTIES' POSITIONS

### A. The Defendant's Position

Citing 18 U.S.C. § 3143(b)(1), Mr. Cox acknowledges that a person sentenced to a term of imprisonment must be detained pending appeal; however, he notes that the statute authorizes release pending appeal if the person is not likely to flee or pose a danger to the safety of any other person and the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in a sentence that does not include a term of imprisonment. *Def.'s Mot.* at 1. Asserting that his compliance with both pre- and post-sentence bail conditions confirms he is not likely to flee or pose a danger or risk to anyone, Mr. Cox focuses on the issues on appeal. *Id.* at 3-4.

As Mr. Cox pleaded guilty to the offense, the sole issue is the Court's sentence. Mr. Cox concedes that the Court imposed a sentence within the Guideline range; however, he asserts that, after all argument was closed and the sentence was being imposed, the Court recited facts that may not have been accurate. *Id.* at 5. He then contends that because terms of home confinement were suggested by the Probation Office in the Presentence Report, "[i]t is not clear whether the Court based its decision to forego imposing a sentence of home confinement based on

factors solely based on Mr. Cox's individual circumstances." *Id.* at 6. He mentions his eleven-year-old daughter and his own mental health conditions. *Id.*

### B. The Government Objects

The Government asserts that the standard for release on bail pending appeal is clear and convincing evidence. *Gov't's Opp'n* at 1-2. The Government concedes that Mr. Cox is not likely to flee or to pose a risk to anyone. *Id.* at 2. However, the Government says that Mr. Cox cannot demonstrate a "substantial question of law or fact" exists. *Id.* at 2. Noting that the Guideline sentence range was from six to twelve months, the Government observes that Mr. Cox has not objected to the Guideline range calculations and the Court's sentence fell at the low end of the Guideline range. *Id.* at 2-3.

As the Government recalled the sentencing, the Court did not disparage Mr. Cox's sincerity in accepting responsibility or intimate that he had minimized his conduct. *Id.* at 3. Instead, according to the Government, the Court based its sentence on the importance of the Atlantic salmon as a national and state resource and the Defendant's intentional violation of the statute protecting Atlantic salmon. *Id.*

## III. DISCUSSION

### A. Legal Standard

The legal standards for evaluating a motion for stay of sentence pending appeal appear in 18 U.S.C. § 3143(b):

> (2)    [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of

3

> imprisonment, and who has filed an appeal . . . be detained, unless the judicial officer finds –
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community . . .
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
>
> . . .
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than . . . the expected duration of the appeal process.

The First Circuit interpreted this provision in *United States v. Bayko*, 774 F.2d 516 (1st Cir. 1985). Analyzing the language, "for purpose of delay and raises a substantial question of law or fact," the First Circuit concluded this phrase "should not be read to mean that 'it was more likely than not' that conviction would be reversed on appeal." *Id.* at 521. Otherwise, the literal language would present a classic "Catch 22," as the district court would be required to conclude that its own ruling was likely to be reversed and, if the court had concluded it was likely making the wrong decision, it would have made the right one. *Id.* at 521-22; *United States v. Tyler*, 324 F. Supp. 2d 69, 70 (D. Me. 2004). In *Bayko*, the First Circuit adopted the Eleventh Circuit's view that this language means that the question is "a 'close' question or one that very well could be decided the other way." *Bayko*, 774 F.2d at 523 (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

**B.   Analysis**

4

Mr. Cox's motion is premature. Mr. Cox complains about what the Court supposedly said during sentencing but has not yet provided a transcript of the sentencing hearing. Instead, Mr. Cox says he has ordered the transcript but has not received it, and then asserts that the Court made "certain statements indicating that the defense had characterized this case as being about 'just a fish' and therefore not deserving of the gravity due to protecting natural resources." *Def.'s Mot.* at 2. He claims that the Court based its judgment on factors outside the record and that the Court denied him the opportunity to object because all argument had closed and the sentence was being imposed. *Id.* at 5.

Absent a transcript, the Court will not speculate about what exactly occurred during the sentencing hearing. However Mr. Cox's contention that the Court closed argument and would not hear objections is nonsense. He cites no authority for this proposition and there is none. There is no such rule at a sentencing hearing and, in fact, the practice is directly to the contrary. Consistent with her obligation to provide her clients a vigorous defense, this defense lawyer herself has not hesitated in past cases to object and correct the Court throughout the sentencing hearing before, during, and even after the imposition of sentence. The Court has never refused to allow such objections or argument. If the defense had any reason to believe that the Court was improperly considering matters outside the record in imposing sentence, the lawyer had the duty to raise that issue at the time of sentencing. She did not.

Mr. Cox's other contentions are vague. He seems to imply that the Court must have abused its discretion because it supposedly varied from the Probation Officer's recommended sentence. As a basic matter of law, however, the Court, not the Probation Office, has the obligation and the authority to impose sentence.

Here, under the Guideline sentencing range, Mr. Cox faced a sentence of between six and twelve months incarceration. The Court imposed a sentence of six months incarceration, the lowest within the Guideline sentence range. It is true that since the Guideline range fell within Zone B, the Court could have ordered Mr. Cox to serve this sentence in home detention or probation with a condition of home detention. U.S. SENTENCING GUIDELINES MANUAL § 5B1.1(a)(2) (2010). It is also true that the Court could have imposed a twelve month period of incarceration.

Ultimately, weighing the factors outlined in 18 U.S.C. § 3553(a), the Court concluded that a term of incarceration was appropriate in view of the endangered nature of the species (Atlantic salmon); the number of fish taken (11); Mr. Cox's other fishing violations (4 convictions); the number of times he illegally fished for Atlantic salmon (more than once); the fact that he had not fished the salmon to feed his family; the willful nature of his conduct in view of the prior warning he received from Joy Waterhouse, his girlfriend, that he was engaging in illegal activity and would be subject to a substantial fine and imprisonment; the fact he attempted to sell the illegally caught salmon; and the unsportsmanlike method of fishing. The Court took into account Mr. Cox's family circumstances, including his somewhat difficult upbringing; his sole custody of his eleven year old daughter; his numerous

6

medical and psychological problems, including back pain, depression, obsessive compulsive disorder, bi-polarity, post-traumatic stress disorder, poly-substance abuse, scoliosis, and kidney stones; his history of drug abuse; and his lack of current employment. Assessing all of these factors and more, the Court concluded that a sentence of six months incarceration at the low end of the Guideline range was appropriate.

The Court cannot conclude that this sentence will present a close question of legal error on appeal and therefore dismisses the Defendant's motion for bail pending appeal. If Mr. Cox wishes the Court to reassess its Order based on an actual transcript of the sentencing hearing, he is free to bring another motion. Accordingly, in order to make certain that Mr. Cox is aware he has the right to have the Court reconsider the merits of this motion once he obtains a transcript of the sentencing hearing, the Court has not denied the motion but has dismissed it without prejudice.

## IV. CONCLUSION

The Court DISMISSES without prejudice Mark A. Cox's Motion for Bail Pending Appeal (Docket # 17).

SO ORDERED.

/s/ John A. Woodcock, Jr.<br>JOHN A. WOODCOCK, JR.<br>CHIEF UNITED STATES DISTRICT JUDGE

Dated this 29th day of June, 2011