UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:10-cr-00206-JAW |
| | ) | |
| MARK A. COX | ) | |

**ORDER ON SECOND MOTION FOR BAIL PENDING APPEAL**

Mark Cox moves again for bail pending appeal. *Second Mot. for Bail Pending Appeal* (Docket # 21) (*Def.'s Mot.*). On June 29, 2011, the Court dismissed his first motion without prejudice first because he had failed to present the Court with a transcript of the sentencing hearing and second because his assertions of legal error were not meritorious. *Order on Mot. for Bail Pending Appeal* (Docket # 19) (*Def.'s First Mot.*). Now, the sentencing hearing transcript has been filed and he moves a second time for bail pending appeal, elaborating on his prior claims of legal error and adding a new one. *Def.'s Mot.*

In his second motion, Mr. Cox first challenges the basis for the Court's explanation of its sentence. He asserts that he "did not offer any excuse for his conduct and indicated that he was highly ashamed of his actions." *Id.* at 2. For example, he rankles at the Court's description of him as "no sportsman" because he already admitted that he was "utterly ashamed of having caught a fish in a manner that is anything but sportsman-like" and he is irritated at the Court's statement that it would "not take the excuse that you were out there to try and feed your family" because he never attempted to excuse his conduct on the ground that he was

trying to feed his family. *Id.* Thus, Mr. Cox contends it was legal error for the Court to point out to him what he had already admitted and it was legal error for the Court to point out to him what he had not already admitted. In short, it was legal error for the Court to say anything.

The Court is not legally required to remain silent at a sentencing hearing. The fact that a defendant admits to a crime and expresses shame does not prevent a sentencing judge from explaining to him that "the nature and circumstances" of his crime factored into his sentence. 18 U.S.C. § 3553(a)(1). Mr. Cox's admission that he snagged the Atlantic salmon—dragging a line filled with hooks across a fishing pool and impaling the fish—reflects poorly on Mr. Cox. Mr. Cox's concession that he was "utterly ashamed" does not bar the Court from agreeing with him that he should be.

As regards his contention that he never said he fished in order to feed his family, the Presentence Report states:

> <u>The defendant cooked some for his family</u> and then brought a sample of the cooked salmon to the owner of the Bear's Den Restaurant, to see if the owner wanted to put it on the menu for the week, since the defendant did not know what to do with it.

*Presentence Report* at 2 (emphasis supplied). It is a reasonable inference that if he cooked the fish he caught to feed his family; he caught the fish to feed his family.

Finally as regards his contention that he never offered as an excuse that the Atlantic salmon was "just a fish" and that the Court committed legal error by pointing out to him that it did not think that "the attitude it's just a fish is correct, not when you're talking about this fish and this endangered species." *Tr. of*

2

*Proceedings* (Docket # 20) 17:20–22. True, Mr. Cox was not foolish enough to claim at the sentencing hearing that he considered the Atlantic salmon "just a fish." The Court never asserted that it was responding to a direct statement from Mr. Cox to that effect. Instead, Mr. Cox's actions were more important than his words: by deliberately and repeatedly committing this crime and by the way he committed it, he treated this endangered species as just another fish.

Citing *Tate v. Short*, 401 U.S. 395 (1971), Mr. Cox next asserts that the Court violated the Equal Protection Clause of the United States Constitution by placing him in jail because he could not afford a fine. *Def.'s Mot.* at 3–4. The Court is fully aware of the constitutional prohibition against imprisoning people because of their financial status and firmly rejects Mr. Cox's contention that it did so in his case. During sentencing, the Court carefully reviewed the numerous factors it considered in imposing a sentence of six months incarceration, including: 1) the Atlantic salmon is an endangered species; 2) the number of fish he caught; 3) the time between takings; 3) the Defendant's focus on the Atlantic salmon as opposed to other non-endangered fish; 4) the Defendant had been expressly warned by his girlfriend that fishing for salmon was a federal offense and that he had looked up the law and confirmed his actions were illegal but persisted; 5) the Defendant snagged the fish at night in an unsportsmanlike fashion; 6) that the Atlantic salmon's presence in the efforts of government and private individuals to save the salmon for Maine rivers; and, 7) that the fish was worth more to the general public alive than it was to him dead. *Tr.* 15:23–17:25. Taking into consideration all these

3

factors and more, the Court concluded that imprisonment was the only appropriate punishment:

> I am going to place you in prison because I think what you did deserves imprisonment. I can't respond in any other way, it seems to me, that would be appropriate.

*Id.* 17:23–24.

Next, the Court turned to whether it would also impose a fine on Mr. Cox and commented that it would not impose a fine because he could not afford to pay a fine and it "wouldn't be fair to you and your daughter." *Id.* 17:24–18:5. Finally, the Court responded to defense counsel's request that Mr. Cox be sentenced to a term of home confinement and rejected it because home confinement would not "be an appropriate response to what I consider to be a serious crime." *Id.* 18:3–7.

The assertion that the Court sentenced Mr. Cox to jail because he was indigent deliberately twists the Court's words beyond recognition. The Court stated only that it was not fining him because he could not afford to pay a fine. Nothing more; nothing less. It had already explained in considerable detail why it had reached the separate conclusion that his criminal actions merited imprisonment, none of which had anything to do with his financial status.

The Court reiterates its conclusion that Mark A. Cox has not presented a close question of legal error on appeal and DENIES his Second Motion for Bail Pending Appeal (Docket # 21).

4

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 8th day of July, 2011